John Fleming *v.* Lucien Guillaume Hiligsberg and another.

Appeal from the District Court of the First District, *Buchanan*, J.

*A. Hennen*, for the plaintiff.

*P. A. Bernard* and *Roselius*, for the appellants.

Simon, J. The plaintiff's claim is founded on a building contract, on which, he says, there remains a balance due him, which added to the amount of an account for extra work done to the buildings, forms the sum for which he asks judgment.

The defence sets up, that the plaintiff did not comply with the obligations by him contracted; that the work is defective and done in an unworkmanlike manner in many particulars specified in an account annexed to the answer, for which he is responsible to the respondents in the amount therein stated; that besides said amount, plaintiff is indebted to them in several other sums, on account of the work left unfinished, and for materials; as also for the delay in delivering the houses contracted for, for which, according to the contract, he was to pay the respondents rent, at the rate of $400 for each month's delay. The respondents aver, that only one of the houses was delivered three months after the time specified; and, that the three others have never been finished, and were abandoned by the plaintiff, which put the respondents

under the necessity of causing the work to be done by other workmen. They further allege, that the plaintiff has performed some extra work, but not the quantity, nor to the amount by him claimed, and that he is also entitled to a credit for a partition wall to an amount less than that claimed in the petition. From all which credits to which the respondents are entitled on the amount really due to the plaintiff, there results a balance in their favor, for which they claim judgment by way of reconvention.

The jury who tried this cause, found a verdict for the plaintiff for $4773 04; and judgment having been rendered thereon against the defendants, after a vain attempt to obtain a new trial, the latter have appealed.

The evidence shows, that a building contract was passed between the parties, by which the plaintiff undertook to build four houses for the defendants, according to the proportions, specifications and conditions therein stipulated, for which he was to receive, at different times, certain remuneration, amounting altogether to $30,000; $3500 of which, being the last instalment, was to be paid when the whole should be entirely finished, and the keys delivered. Of this amount or consideration of the contract, the plaintiff admits that he has received the sum of $28,286.

It appears, however, by the testimony of John Reynolds, that a statement of extra work done by the plaintiff to the houses, annexed to said plaintiff's petition, shows the valuation put by the witness, on the said extra work, to be a sum of $5310, as claimed in the said petition; and that the witness took, for that purpose, the buildings as they now are, measured them anew and compared them with the plan, and that he considered such valuation as fair. But he also states, that as to this being extra work or not, he knows nothing, except so far as he has learned from the plaintiff.

But it is shown by the testimony of Joseph Pilié, by whom, according to the terms of the contract, the work was to be received, that he examined the work, and made a statement of the extra work, *the contract in hand*, and could find no other extra work but that stated in his said statement, in which it is estimated at $2769 13. This estimation thus made by the witness, is consequently the result of a comparison between the specifications con-

tained in the contract, and the work actually done; and establishes, with much more certainty than that made by Reynolds, who knew nothing of the extra work except from what the plaintiff had told him, to what extent the work which was examined, should be considered as extra work, or as work done under the contract. This statement of Joseph Pilié, ought, in our opinion, to be taken as correct.

The same witness states further, that the work which he includes in another statement by him signed, as having been omitted, and which he estimated at $738, is not included in the statement made by Williamson; and that this examination was made when plaintiff was present. We think this credit should be allowed.

John Williamson, whose statement was also produced, testified that said statement is the result of his examination; that to complete the buildings according to the contract, it would be necessary to do the work mentioned in his statement; and it appears from said statement, as signed by the witness, that the work therein described as having been omitted, amounts to $1037 20. This also should be allowed.

It appears further, by a statement signed by Joseph Pilié, showing the amount to be allowed to the plaintiff for the partition wall, for which he claims $722 70, in his petition, that the latter sum should be reduced to $490 61, being the one-half of the amount of the partition wall, to be, under the contract, reimbursed to the undertaker as extra work.

It is shown also by two accounts accepted and signed by the plaintiff, that the defendant should be credited with two sums, to wit; one of $485 25, and another of $311, being the one-half of two partition walls separating the lots of P. Avegno and Marsoudet from the defendants', and which sums were to be reimbursed by the defendants to the neighboring proprietors. This is clearly a proper charge to be deducted from the amount due on the contract, as the work was already done, although included in said contract.

The testimony of F. Marchat proves, that plaintiff had an account current for lumber with one of the defendants, leaving a balance against the former of $583 91, the account whereof was

handed to said plaintiff, who made no objection thereto, whilst he, plaintiff, objected to and denied another account, on which he was subsequently sued. This is also supported by a certain number of receipts for timber produced in evidence, and, in our opinion, should also be allowed.

The parol evidence produced to establish the delay complained of by the defendants, proves, that said delay cannot be attributed to the plaintiff's neglect or fault, but mostly to the want of materials, which, under the contract, were to have been procured by the defendants, or to their bad quality when furnished, or to the inclemency of the weather. One of the witnesses states, that the work which he did in five months, could have been done in two, if he had had the materials and every thing necessary and ready. Another says, that the bricks were not always regularly furnished, which was owing to the bad weather, when the carts could not come up. Another testifies, that the work was often impeded by the delay of the materials, which were not received when they should have been; and that the lumber which was received was unfit for the work. He adds, that there was a delay in furnishing bricks and also in furnishing lumber, and that the work in general was done in as workmanlike a manner as it could have been, with the materials used. It is, therefore, clear that the claim set up the defendants in reconvention, in consequence of the delay in delivering the work according to the contract, ought to be rejected.

Under this state of facts, we are at a loss to find out how the jury could come to the conclusion that the plaintiff is entitled to recover the sum of $4773 04. Their verdict is clearly erroneous. The evidence does not justify it; and, taking the facts as they are disclosed by the record, it seems to us, that the respective claims of the parties cannot be liquidated in any other manner than as follows :—

Plaintiff is entitled under the contract to . . $30,000 00
The amount of extra work, as estimated by J. Pilié, is      2,769 13
Due plaintiff for his half of the partition wall, alluded
    to in his petition      .      .      .      .      .              490 61

Plaintiff is entitled to claim      .      .      .      $33,259 74

| | | |
|---|---:|---:|
| He has received at different times, as by him admitted . . . . | $28,286 00 | |
| Work omitted, as shown by Williamson's statement . . . . . | 1037 20 | |
| Work omitted, as shown by Pilié's statement . . . . . . | 738 00 | |
| Due defendants for half of Avegno's partition wall . . . . | 485 23 | |
| Due defendants for half of Marsoudet's partition wall . . . . | 311 00 | |
| Balance of account due by plaintiff to Bernard . . . . . . | 583 91—31,441 34 | |

Balance in favor of plaintiff . . . $1818 40

We think that the plaintiff is only entitled to a judgment for the sum of eighteen hundred and eighteen dollars and forty cents, instead of that allowed by the judgment appealed from; that the above liquidation is in strict conformity with the evidence; and that there is no necessity to send the case back for a new trial.

It is, therefore, ordered, that the judgment of the District Court be annulled, and that the plaintiff recover of the defendants, the sum of eighteen hundred and eighteen dollars and forty cents, with legal interest per annum thereon from judicial demand until paid, and the costs of the lower court; those in this court to be borne by the plaintiff and appellee.